IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02110-WYD-MEH

WYATT T. HANDY, JR., and
ASHLEE M. HANDY,

    Plaintiffs,

v.

LUENZA, Mailroom Clerk #13083, and
UNKNOWN MAILROOM CLERK,

    Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is the named Defendant's Motion to Dismiss Plaintiffs' State Tort Claims filed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [filed March 3, 2017; ECF No. 40]. The motion is fully briefed, and the Court finds that oral argument will not assist in the adjudication of the motion. Based on the record and for the reasons that follow, the Court respectfully recommends that the Honorable Wiley Y. Daniel **grant in part and deny in part** the Defendant's motion.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual and legal findings of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir.

**BACKGROUND**

Plaintiffs ("Mr. Handy" and "Mrs. Handy") initiated this lawsuit on August 19, 2016, then filed the operative Amended Complaint on September 12, 2016 in accordance with Magistrate Judge Gallagher's order during initial review.

**I. Facts**

The following are factual allegations (as opposed to legal conclusions, bare assertions, or merely conclusory allegations) made by the Plaintiffs in the Amended Complaint concerning Defendant "Luenza," correctly identified as Laura Vezina ("Vezina"), which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On November 24, 2014, Mr. Handy sent mail to the Arapahoe County Detention Facility ("ACDF") for his wife, Mrs. Handy. The next day, Defendant Vezina rejected the mail based on "sexually explicit materials" and "references to gang related communications or activities." The letter contained information "related to a sexual assault on Mrs. Handy by gang members, and Mr. and Mrs. Handy['s] attempt[ ] to determine who the gang members where [sic], to report the crime to authorities."

On August 7, 2015, Mr. Handy sent mail to the ACDF for his wife, Mrs. Handy. Four days later, on August 11, 2015, Defendant Vezina rejected the mail based on Plaintiff's enclosure of a "thinking of you" card that was a "multi-layered glued" card. Mr. Handy obtained the card while incarcerated by the Colorado Department of Corrections ("CDOC"), and such cards were sold at the canteen and given to inmates by prison chaplains.

On September 14, 2015, Mr. Handy set mail to the ACDF for his wife, Mrs. Handy. Two

---

2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).

days later, on September 16, 2015, Defendant Vezina rejected the mail because "the mail contain[ed] threats of physical harm against a person." The letter "related to contacting authorities due to the physical abuse" to which Mrs. Handy was subjected.

## II.     Procedural History

Based on these factual allegations, Plaintiffs claim Defendant Luenza violated their First and Fourteenth Amended (due process) rights and committed negligence and negligence per se. Am. Compl., ECF No. 7. Plaintiffs request "appropriate declaratory and other injunctive relief," compensatory damages, and punitive damages. *Id.* at 10.

Defendant Vezina filed the present motion arguing the Plaintiffs fail to state plausible claims for negligence (Claim Three) and negligence per se (Claim Four). In addition, Vezina contends any negligence claim brought on behalf of Mrs. Handy is barred by the Colorado Governmental Immunity Act for her failure to file a notice of claim ("NOC").

Plaintiffs counter that they have alleged sufficient facts to demonstrate a duty on the part of Vezina to "not fabricate reasons to reject mail," which arises under the First Amendment and ACDF's mailroom policy. Resp. 4. In addition, they argue Vezina cites no legal authority for her position that a NOC must be filed for each injured individual. Plaintiffs contend that, under Colorado law, the notices filed by Mr. Handy provided Vezina sufficient notice as to the claims of both Mr. and Mrs. Handy.

Vezina replies that neither the First Amendment nor the ACDF mailroom policy set forth or create any duty or standard of care owed to Plaintiffs. Further, Vezina contends that the law on which Plaintiffs rely to demonstrate sufficient notice is factually and legally distinguishable and, thus, not persuasive.

3

**LEGAL STANDARDS**

Vezina seeks dismissal for this Court's lack of subject matter jurisdiction over certain claims pursuant to Fed. R. Civ. P. 12(b)(1) and for Plaintiffs' failure to state claims for relief pursuant to Fed. R. Civ. P. 12(b)(6).

**I.    Dismissal under Fed. R. Civ. P. 12(b)(1)**

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of subject matter jurisdiction." Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). A Rule 12(b)(1) motion to dismiss must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction. *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir. 2001). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th 2008). Accordingly, Plaintiffs in this case bear the burden of establishing that the Court has jurisdiction to hear their claims.

Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. *Holt v. United States*, 46 F.3d 1000, 1002 (10th 1995).

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.

> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id.* at 1002–03 (citations omitted). The present motion launches a factual attack on this Court's subject matter jurisdiction; therefore, the Court will accept not the truthfulness of the Amended Complaint's factual allegations for its Rule 12(b)(1) analysis.

## II. Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 679-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The

nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kan. Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

### III. Treatment of a *Pro Se* Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The Tenth Circuit interpreted this rule to mean, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## ANALYSIS

Typically, "[w]hen a defendant seeks dismissal under Rule 12(b)(1) and 12(b)(6) in the alternative, the court must decide first the 12(b)(1) motion for the 12(b)(6) challenge would be moot if the court lacked subject matter jurisdiction." *Glapion v. Castro,* 79 F. Supp. 3d 1207, 1213 (D.

Colo. 2015) (citing *Mounkes v. Conklin*, 922 F. Supp. 1501, 1506 (D. Kan. 1996)).

**I.     Rule 12(b)(1) Defense**

Here, Vezina's Rule 12(b)(1) argument is limited only to the Plaintiffs' state law claims for negligence and negligence per se. Specifically, Vezina contends that while Mr. Handy filed the requisite NOCs on his own behalf, Mrs. Handy filed no NOC and, thus, any state tort claims she brings against Vezina are barred by the Colorado Governmental Immunity Act ("CGIA").

Prior to bringing an action covered by the CGIA, a plaintiff is required to file a notice of claim within 182 days of discovering the alleged injury. Colo. Rev. Stat. § 24–10–109(1) (2017). "Absent compliance with the 180–day[2] notice requirement, governmental immunity bars suit against the public entity because a trial court lacks subject matter jurisdiction over the complaint seeking relief." *City & Cnty. of Denver v. Crandall*, 161 P.3d 627, 632 (Colo. 2007) (en banc) (citations omitted).

"[T]he purposes of the written notice required by section 24–10–109(1), as well as the ninety-day waiting period for commencing litigation under section 24–10–109(6), are to allow a public entity to investigate and remedy dangerous conditions, to settle meritorious claims without incurring the expenses associated with litigation, to make necessary fiscal arrangements to cover potential liability, and to prepare for the defense of claims." *Mesa Cnty. Valley Sch. Dist. No. 51 v. Kelsey*, 8 P.3d 1200, 1204 (Colo. 2000) (en banc) (citations omitted).

When an action covered by the CGIA is filed against a public employee, the plaintiff must state the specific factual basis of the allegations of the willful and wanton act or omission; any

---

[2]The statute now allows 182 days within which to file the notice of claim. *See Open Door Ministries v. Lipschuetz*, 373 P.3d 575, 578 (Colo. 2016).

failure to do so must result in dismissal of the claim for failure to state a claim upon which relief can be granted. Colo. Rev. Stat. § 24–10–110(5)(b); *see also Cikraji v. Snowberger*, -- P.3d --, 2015 WL 2198516, at *4 (Colo. App. May 7, 2015) ("Complying with the notice of claim is a jurisdictional prerequisite to suit."). "[A] claimant need comply only substantially with the requirements of section 24–10–109(2) regarding the factual information contained in the claimant's notice." *Kelsey*, 8 P.3d at 1205; *see also Crandall*, 161 P.3d at 632. "The plaintiff must demonstrate strict compliance with the time requirement of the notice, but only substantial compliance with the content requirements." *Hamon Contractors, Inc. v. Carter & Burgess, Inc.*, 229 P.3d 282, 298 (Colo. App. 2009).

In this case, Vezina challenges two NOCs on which the Plaintiffs base their claims: the first is dated January 13, 2015 and concerns the Plaintiffs' allegations regarding mail rejections in 2014, and the second is dated October 24, 2015 and concerns the Plaintiffs' allegations regarding mail rejections in 2015. Notices, ECF Nos. 40-1, 40-2. The first NOC lists Mr. Handy as the "Petitioner" and mentions Mrs. Handy as an addressee of the mail allegedly rejected. ECF No. 40-1. The second NOC lists both Mr. and Mrs. Handy as "Petitioners" and mentions Mrs. Handy as an addressee of the mail allegedly rejected. ECF No. 40-2.

Plaintiffs contend that they "substantially complied" with the CGIA's notice requirements by mentioning Mrs. Handy in both NOCs and identifying her as a petitioner in the second NOC. Plaintiffs cite *Bresciani v. Haragan*, 968 P.2d 153 (Colo. App. 1998) for the proposition that a reference to the claimant's "family" in the text of a NOC was sufficient to notify the defendants of potential liability to the family. *Id.* at 159. Defendants counter that *Bresciani* is fatally distinguishable because, unlike the NOCs here, the NOC in that case claimed, "defendants 'caused

8

extensive unnecessary damage to Mr. Bresciani's and his family's home and property'; 'Mr. Bresciani and his family have suffered a violation of their civil liberties and extensive damage to their home and property'; and 'Mr. Bresciani and his family are now considering filing a civil rights action.'" *Id.* In other words, while true that the "family" was not listed as a claimant, the *Bresciani* NOC actually alerted the government that the "family" suffered damages and was considering filing a lawsuit.

The Court concludes that the Plaintiffs' first NOC is insufficient to notify the government of any potential liability to Mrs. Handy. While Mr. Handy mentioned Mrs. Handy in the NOC as an addressee of certain mail that was rejected, he also mentioned another addressee, his ex-wife, who is not a Plaintiff in this case. *See* ECF No. 40-1. There is nothing in the first NOC alerting the government that Mrs. Handy might have a claim against it.

However, the second NOC, which identifies Mrs. Handy as a petitioner and the addressee of rejected mail, is sufficient to notify the government of potential liability. Vezina's argument that the second NOC refers only to "Petitioner" in the singular and, thus, pertains only to Mr. Handy is inapposite; the NOC may also be construed as referring to each Petitioner separately. *See* ECF No. 40-2.

Accordingly, this Court recommends that Judge Daniel find the first NOC is insufficient to notify the government of potential liability to Mrs. Handy and, thus, the Court lacks jurisdiction over Mrs. Handy's claims concerning rejected mail in 2014. The Court also recommends Judge Daniel find the second NOC is sufficient and the Court has jurisdiction to hear Mrs. Handy's claims concerning rejected mail in 2015.

**II.** **Rule 12(b)(6) Defense**

Vezina contends that the allegations against her are not plausible because Plaintiffs fail to identify any specific duty, statute, ordinance, policy, or other applicable law they allege was violated in support of their state tort claims, and liability for a constitutional violation (on which the state claims are "solely" based) cannot be predicated on mere negligence. Plaintiffs counter that their allegations reveal violations of the First Amendment and ACDF's rules and policies, which are sufficient to impart a duty of care on Vezina.

A. Negligence Claims

To demonstrate a plausible claim of negligence in Colorado, "a plaintiff must demonstrate the following elements: '(1) the existence of a legal duty to the plaintiff; (2) the defendant breached that duty; (3) the plaintiff was injured; and (4) the defendant's breach of duty caused the injury.'" *Dolin v. Contemporary Fin. Solutions, Inc.*, 622 F. Supp. 2d 1077, 1082 (D. Colo. 2009) (quoting *Raleigh v. Performance Plumbing & Heating, Inc.*, 130 P.3d 1011, 1015 (Colo. 2006)). A negligence claim will fail if it is predicated on circumstances for which the law imposes no duty on the defendant. *Kellner v. Schultz*, 937 F. Supp. 2d 1319, 1323 (D. Colo. 2013) (citing *HealthONE v. Rodriguez*, 50 P.3d 879, 888 (Colo. 2002)). Thus, the initial question in any negligence action is whether the defendant owed a legal duty to protect the plaintiff against injury. *Id.*

> A duty of reasonable care arises when there is a foreseeable risk of injury to others from a defendant's failure to take protective action to prevent the injury. *E.g., Palmer v. A.H. Robins Co., Inc.*, 684 P.2d 187, 209 (Colo. 1984). While foreseeability is a prime factor in the duty calculus, a court also must weigh other factors, including the social utility of the defendant's conduct, the magnitude of the burden of guarding against the harm caused to the plaintiff, the practical consequences of placing such a burden on the defendant, and any additional elements disclosed by the particular circumstances of the case. *E.g., Observatory Corp.* [*v. Daly*], 780 P.2d [462,] 466 [(Colo. 1989)]; *University of Denver* [*v. Whitlock*], 744 P.2d [54,] 57 [(Colo. 1987)]; *Smith* [*v. City & Cnty. of Denver*], 726 P.2d [1125,] 1127 [(Colo. 1986)]. "No one factor is controlling, and the question of whether a duty should be imposed in a particular case is essentially one of fairness under contemporary standards—whether

reasonable persons would recognize a duty and agree that it exists." *Taco Bell, Inc. v. Lannon*, 744 P.2d 43, 46 (Colo. 1987).

*Connes v. Molalla Trans. Sys., Inc.*, 831 P.2d 1316, 1320 (Colo. 1992) (en banc). "The source of the duty and the corresponding standard essential to the proper discharge of the duty may originate from a judicial decision or a legislative enactment." *Bedee v. Am. Med. Resp. of Colo.*, 361 P.3d 1083, 1087 (Colo. App. 2015) (quoting *United Blood Servs. v. Quintana*, 827 P.2d 509, 519 (Colo. 1992)).

Here, Vezina contends the Plaintiffs' allegations fail to demonstrate a legal duty of care on her part. Plaintiffs counter (and allege) that such duty arises from the ACDF's policy(ies) governing the mailroom. Am. Compl. ¶¶ 30, 32. In fact, in their response brief, Plaintiffs cite to the "Arapahoe County Mail Policy & Rules," which they assert is "attached as EXHIBIT 1" to the brief. Resp., ECF No. 43 at 3. However, no such attachment appears in the record; if it did, the Court would need to determine whether to convert the present motion pursuant to Fed. R. Civ. P. 12(d). As the record stands now, the Court will proceed with its analysis pursuant to Rule 12(b)(6). Vezina responds to Plaintiffs' argument contending the allegations are "conclusory" and asserting, "Neither the First Amendment nor ACSO's mailroom policies set forth or create any duty or standard of care owed to Plaintiffs." Reply, ECF No. 44 at 2.

Taking the Plaintiffs' allegations as true, as it must, the Court finds dismissal of the negligence claims would be improper here where Plaintiffs allege the mailroom policy sets forth a duty of care on the part of mailroom employees, such as Vezina, and Vezina simply counters that it does not. Without access to the policy, the Court cannot determine, as a matter of law, whether a duty of care arises from such policy. Nevertheless, the Court concludes that Plaintiffs' allegations plausibly demonstrate a foreseeable risk of injury by prison mailroom clerks, such as Vezina, who

11

are tasked with examining inmates' mail to determine whether the mail reaches its intended destination. Plaintiffs allege Vezina repeatedly rejected their mail (*i.e.*, stopped the mail before it reached its destination) although the mail did not violate the mailroom, or any other, policy. Mindful of the factors to consider, including the social utility of the defendant's conduct, the magnitude of the burden of guarding against the harm caused to the plaintiff, and the practical consequences of placing such a burden on the defendant (*see Connes*, 831 P.2d at 1320), the Court concludes that while the examination of prisoners' mail certainly invokes a legitimate penological interest, the burden of protecting against rejection of compliant mail[3] is not substantial and the Court can envision no negative consequences of placing such burden on prison mailroom clerks.

The Court finds Plaintiffs' allegations are sufficient to state the "duty" element of a negligence claim. *See Bedee*, 361 P.3d at 1087 ("in ordinary negligence cases, an actor is required to conform his or her conduct to a standard of objective behavior measured by what a reasonable person of ordinary prudence would or would not do under the same or similar circumstances.") (quoting *Quintana*, 827 P.2d at 519). Therefore, the Court recommends that Judge Daniel deny Vezina's motion to dismiss the Plaintiffs' negligence claims.

   B.   Negligence Per Se Claims

"Negligence per se is simply negligence with the standard of care being set forth in a statute or ordinance." *Dolin*, 622 F. Supp. 2d at 1084. To properly state a claim of negligence per se, the party asserting it must allege: (i) the violation of a statute; (ii) the statute was intended to protect the public against a particular type of injury; (iii) the plaintiff is a member of the group of persons the

---

[3]Outside of the prison context, delay of and/or tampering with mail is a federal offense. *See United States v. Valdez*, 392 F. App'x 662, 664 (10th Cir. 2010).

statute was intended to protect; and (iv) the violation of the statute was a proximate cause of the plaintiff's injury. *Fairfield Dev., Inc. v. J.D.I. Contractor & Supply, Inc.*, 703 F. Supp. 2d 1211, 1218 (D. Colo. 2010) (*citing Silva v. Wilcox*, 223 P.3d 127 (Colo. App. 2009)); *see also Dolin*, 622 F. Supp. 2d at 1084 ("Before the statutory standard is used to prove negligence, the plaintiff must show that he is a member of the class the statute was intended to protect, and that the injuries he suffered were of the kind the statute was enacted to prevent."). "Upon such a showing, the statute conclusively establishes the standard of care, and the violation establishes the party's breach of that duty, leaving the jury only the question of the extent to which that negligence caused the plaintiff's injury." *Fairfield Dev.*, 703 F. Supp. 2d at 1218.

Here, the Court agrees with Vezina that Plaintiffs' reliance on alleged violations of their First Amendment rights to demonstrate negligence per se is insufficient. Plaintiffs have cited no law (and the Court has found none) supporting their position that a constitutional violation may suffice as a basis on which to claim negligence per se. Mindful that, in Colorado, "negligence per se occurs when the defendant violates a statute adopted for the public's safety" (*Scott v. Matlack, Inc.*, 39 P.3d 1160, 1166 (Colo. 2002)), the Court notes that neither the First Amendment nor the U.S. Constitution are "statutes" designed to "protect" the "public" from "harm."[4] Rather, the Amendments to the Constitution confer certain rights and obligations on certain individuals. Therefore, the Court recommends Judge Daniel find that alleged violations of the First Amendment may not serve as the basis for Plaintiffs' negligence per se claims, and grant Vezina's motion to

---

[4]Vezina cites case law supporting the proposition that a constitutional claim may not be predicated on negligence. *See* Reply, ECF No. 44 at 2 (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833 (1998) and *Daniels v. Williams*, 474 U.S. 327 (1986)). However, Vezina cites no law concerning whether a negligence per se claim may be based on a violation of a constitutional amendment.

13

dismiss the Plaintiffs' negligence per se claims.

## CONCLUSION

In sum, the Court finds that the Court lacks jurisdiction to hear Mrs. Handy's state law tort claims concerning alleged violations in 2014, but may hear Mrs. Handy's state law claims concerning alleged violations in 2015. In addition, the Court concludes Plaintiffs plausibly state claims for negligence, but fail to state plausible claims for negligence per se under Fed. R. Civ. P. 12(b)(6).

Accordingly, based on the foregoing reasons and the record herein, the Court respectfully recommends that Judge Daniel **grant in part and deny in part** Defendant Vezina's Motion to Dismiss Plaintiffs' State Tort Claims filed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [filed March 3, 2017; ECF No. 40] as set forth herein.

SUBMITTED at Denver, Colorado this 17th day of April, 2017.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge